UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re ) | | Chapter 7 |
| ) | | |
| GEMKOW, RONALD L ) | | Case No. 05-44528-SQU |
| GEMKOW, MARY D ) | | |
| Debtor(s). ) | | Hon. JOHN H. SQUIRES |

**Trustee's Final Report**

To:  The Honorable JOHN H. SQUIRES
     United States Bankruptcy Judge

    NOW COMES GINA B. KROL, Trustee herein, and respectfully submits to the Court and to the United States Trustee her Final Report in accordance with 11 U.S.C. §704(9).

    1.    The Petition commencing this case was filed on October 5, 2005. GINA B. KROL was appointed Trustee on the October 5, 2005. The Trustee's bond in this case is included as part of the Trustee's blanket bond coverage.

    2.    The Trustee certifies that she has concluded the administration of this estate and has performed the duties enumerated in Section 704 of the Bankruptcy Code. The nonexempt assets of the estate have either been converted to cash, disposed of under orders of this Court, or are sought to be abandoned by the Trustee; there is no other property belonging to the estate; there are no matters pending or undetermined; claims have been reviewed; and all claim objections have been resolved to the best of the Trustee's knowledge. The Trustee has not found it advisable to oppose the Debtor(s) discharge. The trustee certifies that this estate is ready to be closed. The tasks performed by the Trustee are set forth on Exhibit A.

    3.    The disposition of estate property is set forth in Exhibit B. The scheduled value of property abandoned is $0.00. The property abandoned, or sought to be abandoned, along with the reasons for such abandonment, is described in Exhibit B.

    4.    A summary of the trustee's final account as of March 18, 2009 is as follows:

      a.    RECEIPTS (See Exhibit C)    $18,727.14
      b.    DISBURSEMENTS (See Exhibit C)    $55.97
      c.    NET CASH available for distribution    $18,671.17
      d.    TRUSTEE/PROFESSIONAL COSTS:
          1.    Trustee compensation requested    $2,622.71
               (See Exhibit E)
          2.    Trustee Expenses (See Exhibit E)    $0.00
          3.    Compensation requested by
               attorney or other professionals

for trustee (See Exhibit F)

5. The Bar Date for filing unsecured claims expired on March 26, 2006.

6. All claims filed in this case with the Clerk of the Bankruptcy Court have been reviewed by the Trustee (Exhibit D). The actual dollar amount of claims allowed and/or requested for this estate is as follows:

| | | |
|---|---|---:|
| a. | Allowed unpaid secured claims | $0.00 |
| b. | Chapter 7 administrative claims and 28 U.S.C. §1930 claims | $2,622.71 |
| c. | Allowed Chapter 11 administrative claims | $0.00 |
| d. | Allowed priority claims | $0.00 |
| e. | Allowed unsecured claims | $34,535.45 |

7. Trustee proposes that unsecured creditors receive a distribution of 46.4700% of allowed claims .

8. The compensation previously awarded to Trustee's counsel, accountants or other professionals, and the compensation requested but not yet allowed is as follows:

| Applicant | Compensation Previously Paid | Fees Now Requested | Expenses |
|---|---:|---:|---:|
| GINA B. KROL *Trustee Compensation* | $0.00 | $2,622.71 | $0.00 |

9. A fee of $1,200.00 was paid to Debtor's Counsel for services rendered in connection with this case, and no basis appears to request an examination of those fees pursuant to 11 U.S.C. §329.

**WHEREFORE,** the Trustee certifies under penalty of perjury that the above statements are true and correct and requests the Court to provide for notice and a hearing pursuant to 11 U.S.C. §§330(a), 502(b) and 503(b). The Trustee further requests that the Court award final compensation and reimbursement of expenses and make final allowance of the administrative claims and expenses stated in this Report, and for such other relief as the Court shall deem proper.

                                                                                        Respectfully Submitted

DATE: March 18, 2009                            /s/ Gina B. Krol
                                                                              Signature

                                                                               GINA B. KROL, Trustee
                                                                               105 WEST MADISON STREET
                                                                               SUITE 1100
                                                                               CHICAGO, IL  60602-0000

## TASKS PERFORMED BY TRUSTEE

Asset Analysis and Recovery:  Trustee reviewed books and records including Debtor's tax returns. Trustee determined that the Debtors had non-exempt equity in their life insurance policies.  The Trustee collected the life insurance proceeds and is administering those assets for the benefit of creditors.  Trustee expended approximately 4.5 hours in the activity of Asset Analysis and Recovery.

Banking and Bonding:  Trustee opened and maintained the Estate's interest bearing, made deposits into and disbursements out of that account.  Reconciled the account monthly and maintained the Estate's blanket bond.  Trustee expended approximately 3.25 hours in the activity of Banking and Bonding.

Case Administration:   Maintained state's bookkeeping records. Trustee expended approximately 3 hours in the activity of Case Administration.

Claims Administration:  Trustee communicated with creditors regarding claims Additionally, Trustee reviewed claims, contacted creditors to arrange for amendment to claims to avoid formal objections and instructed counsel to prepare to claims objections.  Trustee expended approximately 2 hours in the activity of Claims Administration.

Coordination and Compliance with Reporting Requirements:  Trustee prepared the required periodic reports for the Office of the United States Trustee.  Trustee prepared the Trustee's Final Report and Account, Distribution Report, Claims Report, and Notices to Creditors.  Trustee expended approximately 4.50 hours in the activity of Coordination and Compliance with Reporting Requirements.

Creditor Communication:   Trustee communicated case status and potential distribution to various creditors involved in these proceedings.  Trustee expended approximately 1.75 hours in the activity of Creditor Communication.

Trustee expended approximately 19 hours in the administration of this Estate

**EXHIBIT A**

# EXHIBIT B
# DISPOSITION OF ESTATE PROPERTY

Scheduled Property & Disposition

Amount Realized

See Form 1 - Attached  $ 13,623.47

Unscheduled Property
INHERITANCE  5,345.44
Post-Petition Interest Deposits  382.90

TOTAL RECEIPTS  $19,351.81

TOTAL SCHEDULED
VALUE OF PROPERTY
ABANDONED  0.00

TOTAL SCHEDULED VALUE
OF EXEMPT PROPERTY  $42,704.90

**EXHIBIT B**

# EXHIBIT C

## RECEIPTS AND DISBURSEMENTS

DEPOSITORY:    BANK OF AMERICA, N.A.
Interest earning MMA Account 3756192997

### I. RECEIPTS

| DATE | DESCRIPTION | AMOUNT |
|---|---|---|
| See Form 2 - Attached | | |
| | TOTAL | $ 18,727.14 |

### II. DISBURSEMENTS

| DATE/CHECK # | PAYEE/DESCRIPTION | AMOUNT |
|---|---|---|
| See Form 2 - Attached | | |
| | TOTAL | $ 55.97 |

**RECAPITULATION:**

| | | |
|---|---|---|
| | TOTAL RECEIPTS | $ 18,727.14 |
| | DISBURSEMENTS | $ 55.97 |
| | **NET CASH AVAILABLE as of March 18, 2009** | $ 18,671.17 |

# EXHIBIT C